UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
CITY OF HOLLYWOOD POLICE : Civil Action No. 1:25-cv-06094-JHR-VF
OFFICERS' RETIREMENT SYSTEM, :
Individually and on Behalf :
of All Others Similarly Situated, : **CLASS ACTION**
 :
 Plaintiff, :
 :
 v. :
 :
FISERV, INC., FRANK J. BISIGNANO, :
MICHAEL P. LYONS, ROBERT W. HAU, :
AND KENNETH F. BEST, :
 :
 Defendants. :
------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ETHENEA
INDEPENDENT INVESTORS S.A. FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................. 1
FACTUAL BACKGROUND............................................................................................................... 2
ARGUMENT........................................................................................................................................ 3
I.     ETHENEA Should Be Appointed as Lead Plaintiff............................................................ 3
        A.     ETHENEA's Motion is Timely ................................................................................ 4
        B.     ETHENEA Has a Large Financial Interest ............................................................. 4
        C.     ETHENEA Satisfies the Requirements of Rule 23................................................. 4
               1.     ETHENEA satisfies the typicality requirement. ........................................ 5
               2.     ETHENEA satisfies the adequacy requirement. ......................................... 5
II.     The Court Should Approve ETHENEA's Selection of Lead Counsel .............................. 9
CONCLUSION................................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Bricklayers of W. Penn. Pension Plan v. Hecla Min. Co.*,
  2012 WL 2872787 (D. Idaho July 12, 2012) .................................................................. 8

*Chow v. Archer-Daniels-Midland Co.*,
  Civ. No. 1:24-cv-00634, ECF No. 41 (N.D. Ill. Apr. 11, 2024) ................................... 8

*Corwin v. Seizinger*,
  2008 WL 123846 (S.D.N.Y. Jan. 8, 2008) ..................................................................... 8

*In re Barrick Gold Sec. Litig.*,
  314 F.R.D. 91 (S.D.N.Y. 2016) ..................................................................................... 8

*In re Cendant Corp. Litigation*,
  264 F.3d 201 (3d Cir. 2001) .......................................................................................... 6

*In re Vivendi Universal, S.A. Sec. Litig.*,
  605 F. Supp. 2d 570 (S.D.N.Y. 2009) ........................................................................... 7

*Joyce v. Amazon.com, Inc.*,
  No. 2:22-cv-00617, ECF No. 55 (W.D. Wash. July 22, 2022) ..................................... 8

*Leventhal v. Chegg Inc.*,
  2022 WL 4099454 (N.D. Cal. Sept. 7, 2022) ................................................................ 9

*Morrison v. National Australia Bank Ltd.*,
  561 U.S. 247 (2010) ....................................................................................................... 5

*Sgalambo v. McKenzie*,
  268 F.R.D. 170 (S.D.N.Y. 2010) ................................................................................... 5

*Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*,
  554 U.S. 269 (2008) ....................................................................................................... 7

*W.R. Huff Asset Management Co., LLC v. Deloitte & Touche*,
  549 F.3d 100 (2d Cir. 2008) .......................................................................................... 7

*Weston v. DocuSign, Inc.*,
  2022 WL 1301770 (N.D. Cal. Apr. 18, 2022) ............................................................... 7

*Weston v. DocuSign, Inc.*,
  348 F.R.D. 354 (N.D. Cal. 2024) ................................................................................... 8

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ......................................................................................................... 3

15 U.S.C. § 78u-4(a)(3) ................................................................................................. 3, 4, 9

# TABLE OF AUTHORITIES

**OTHER AUTHORITIES**

1995 U.S.C.C.A.N. 679 ................................................................................................. 6
1995 U.S.C.C.A.N. 730 ................................................................................................. 6

ETHENEA Independent Investors S.A. ("ETHENEA") respectfully submits this Memorandum of Law in support of its Motion, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (1) appointing ETHENEA to serve as Lead Plaintiff pursuant to the PSLRA; and (2) approving ETHENEA's selection of Motley Rice LLC ("Motley Rice") to serve as Lead Counsel for the putative class.

**INTRODUCTION**

Presently pending before this Court is a securities class action brought on behalf of a putative class consisting of all persons or entities who purchased or otherwise acquired Fiserv, Inc. ("Fiserv" or the "Company") common stock between July 24, 2024, and July 22, 2025, inclusive (the "Class Period"), against Fiserv and certain of its officers for violations of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder.

The Complaint alleges that Defendants made materially false and/or misleading statements in violation of the Exchange Act and/or failed to disclose material adverse facts about Fiserv's business, operations, and prospects. According to the Complaint, when those misrepresentations were revealed to the public, Fiserv's stock price declined, causing damage to the proposed class.

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff in a securities class action, and creates a presumption that the most adequate plaintiff is the movant with the largest financial interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") at this stage of the litigation. ETHENEA respectfully submits that, pursuant to the PSLRA, it should be appointed to serve as Lead Plaintiff on behalf of the putative class. As an initial matter, ETHENEA's fund has suffered a significant loss of more than $5 million, based on a last in, first out ("LIFO") methodology. *See* Certification & Loss Chart, Decl. of William H. Narwold ("Narwold Decl."), Exs. A & B. ETHENEA also meets the typicality and adequacy requirements of Rule 23 because, like all

members of the putative class, it seeks recovery of losses incurred as a result of Defendants' allegedly false and misleading statements and/or omissions; it is motivated by its fund's large financial loss to prosecute the Action vigorously; and it has committed to fairly and adequately represent the interests of the putative class.

The Court also should approve ETHENEA's selection of Motley Rice as Lead Counsel for the proposed class. The claims of the class will be well protected by Motley Rice, which has the experience, expertise, and resources necessary to handle securities litigation of this scale.

## FACTUAL BACKGROUND

Fiserv provides payments and financial services technology solutions in the United States, Europe, the Middle East and Africa, Latin America, the Asia-Pacific, and internationally. The Company operates through two main segments: (1) Merchant Solutions, including the Clover platform; and (2) Financial Solutions, under which the Company provides account processing, digital banking solutions, card issuer processing, and network services to banks and other financial institutions. Fiserv's flagship product and most important growth driver is Clover, which provides merchants with a payment "gateway" to facilitate the secure processing of credit, debit, and mobile payment transactions on behalf of financial institutions and their customers. Clover revenue is primarily generated from transaction fees paid by merchants, which are computed as a percentage of the dollar value for goods and services charged through Clover.

The Complaint alleges that Defendants misled investors by failing to disclose that: (a) due to cost issues and other problems with its older Payeezy platform, Fiserv forced Payeezy merchants to migrate to its Clover platform; (b) Clover's revenue growth and gross payment volume ("GPV"), the total monetary value of transactions processed through Clover, were temporarily and unsustainably boosted by these forced conversions, which concealed a slowdown in new merchant business; (c) shortly after these conversions, a significant portion of former Payeezy merchants

2

switched to competing solutions due to Clover's high pricing, significant down time, and systematic compatibility issues; (d) as a result of these merchant losses, Clover's GPV growth was significantly slowing, and its revenue growth was unsustainable; and (e) based on the foregoing, Fiserv's positive Class Period statements about Clover's growth strategies, competition, attrition, GPV growth, and business prospects were materially false and misleading.

On April 24, 2025, Fiserv reported Clover GPV growth of only 8% for the first quarter of 2025, a material stepdown from 2024 GPV rates of between 14 and 17%. The Company attributed this slowing growth to lower 2025 transaction volumes from Payeezy merchants who had converted to Clover. On this news, Fiserv stock fell $40.20, or 18.5%, to close at $176.90 per share on April 24, 2025. Then, on May 15, 2025, Fiserv disclosed that GPV growth deceleration would continue throughout 2025. On this news, the price of Fiserv's shares declined $30.73, or 16.2%, to close at $159.13 per share on May 15, 2025. On July 23, 2025, Fiserv lowered the top end of its full-year organic growth guidance range and confirmed that its quarterly organic revenue in the Merchant segment had decelerated to 9% year-over-year from 11 percent in the previous quarter. On this news, Fiserv stock declined $22.98 per share, or 13.8%, to close at $143.00.

**ARGUMENT**

**I.      ETHENEA Should Be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). For the following reasons, ETHENEA believes it is the most adequate plaintiff and should therefore be appointed Lead Plaintiff.

### A. ETHENEA's Motion is Timely

The notice published on *Business Wire*, a widely circulated, national, business-oriented news reporting wire service, on July 24, 2025, advised class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the Court to be appointed lead plaintiff within the 60-day period prescribed by statute. *See* Notice, Narwold Decl., Ex. C. Because ETHENEA's motion is timely filed, it is entitled to be considered for appointment as Lead Plaintiff.

### B. ETHENEA Has a Large Financial Interest

ETHENEA's fund (Ethna-AKTIV) suffered a loss of $5,952,777 on its purchase of Fiserv common shares during the Class Period based on a LIFO methodology. Thus, ETHENEA has a large financial interest in the relief sought by the class. *See* Certification & Loss Chart, Narwold Decl., Exs. A, B.

### C. ETHENEA Satisfies the Requirements of Rule 23

To benefit from a presumption that it is the most adequate lead plaintiff, a movant also must "satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To meet this requirement, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173

(S.D.N.Y. 2010) (citation omitted). Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* at 173-74 (citation omitted). Adequacy "is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . ." *Id.* at 174 (citation omitted). ETHENEA readily satisfies both requirements.

### 1.     **ETHENEA satisfies the typicality requirement.**

During the Class Period, ETHENEA's fund purchased a substantial amount of Fiserv common stock at prices artificially inflated by Defendants' alleged materially false and/or misleading statements and omissions, and suffered damages when the truth was revealed to the market. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 266-69 (2010) (holding that Section 10(b) applies to any transaction in securities listed on a U.S. stock exchange, without regard for the nationality of the shareholder); *Sgalambo*, 268 F.R.D. at 176 ("courts routinely appoint foreign investors as lead plaintiffs"). Because ETHENEA's legal claims are substantially identical to and arise from the same factual predicate as those alleged in the Complaint, ETHENEA satisfies the typicality requirement.

### 2.     **ETHENEA satisfies the adequacy requirement.**

As noted above, ETHENEA seeks to recover for substantially the same course of conduct by Defendants and the same injuries for which the rest of the proposed class seeks recovery. ETHENEA's interests are thus aligned with the interests of the other members of the class. Moreover, the large financial loss suffered by its fund ensures that ETHENEA will vigorously prosecute the litigation. In a case of this magnitude, it is essential that any Court-appointed lead plaintiff have sufficient resources and experience to play a meaningful role in managing the

litigation and supervising counsel. Based in Luxembourg, ETHENEA is a sophisticated institutional investor that manages assets worth 2.38 billion Euros as of March 2025 (the equivalent of more than $2.8 billion). ETHENEA also has experience directing securities class action litigation; since April 2024, it has served as a co-lead plaintiff in *Chow v. Archer-Daniels-Midland Co.*, Civ. No. 1:24-cv-00634 (N.D. Ill.), which is currently in discovery. Accordingly, ETHENEA is precisely the type of investor whose participation in securities class actions the PSLRA was meant to foster. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 244 (3d Cir. 2001) (finding that the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff" (quoting H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733)); *see also* S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685.

ETHENEA has standing to assert the claims. ETHENEA purchased Fiserv common stock through its flagship investment fund (Ethna-AKTIV), a fonds commun de placement ("FCP") established under Luxembourgian law.[1] As an FCP, Ethna-AKTIV is not an independent legal entity and does not have legal personality or capacity to sue in its own name. Rather, ETHENEA, as the fund's management company, has the exclusive authority to sue in its own name for damages suffered by the funds that it manages, including Ethna-AKTIV. *See* Ethna-AKTIV Prospectus, Narwold Decl., Ex. D at 5-6 ("The investment fund . . . is a Luxembourg investment fund (*fonds commun de placement*) . . . . The investment fund . . . is managed by **ETHENEA Independent Investors S.A.** . . . . The Management Company is responsible for the management and administration of the Fund. ***Acting on behalf of the Fund, it may take all management and administrative measures and exercise all rights directly or indirectly connected with the Fund's assets***." (bolded and italicized emphasis added)).

---

[1] An FCP is essentially an open-ended mutual fund.

In addition to this contractual authority, *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP* makes clear that a plaintiff has standing under the "prudential exception" to Article III of the U.S. Constitution "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." 549 F.3d 100, 109-10 (2d Cir. 2008). The prudential exception is routinely used in cases arising under the PSLRA and has been applied to Luxembourgian (and other) asset managers on numerous occasions. *See, e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 579 (S.D.N.Y. 2009) (addressing Luxembourgian funds and "conclud[ing] that the FCP management companies . . . have standing to bring suit on behalf of their investors under the *Huff* exception. The relationship between a management company and an FCP appears to be similar to that of trustee to beneficiary, and absent legal personality, both sides' legal experts agree that neither the FCPs or their investors could bring suit on their own."); *Weston v. DocuSign, Inc.*, 2022 WL 1301770, at *5 (N.D. Cal. Apr. 18, 2022) (appointing Luxembourgian asset management company as lead plaintiff and holding that it had authority to represent its funds and "satisf[ied] the exception in *Huff*" because "funds have no legal authority . . . to pursue such claims on their own"); *cf. Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287-88 (2008) (third party standing "routinely" used in federal courts). Given (i) ETHENEA has a close relationship to Ethna-AKTIV as the fund's management company – in which capacity ETHENEA may "exercise all rights directly or indirectly connected with the Fund's assets," Ethna-AKTIV Prospectus, Narwold Decl., Ex. D at 6 – and (ii) the fund itself cannot assert any interests because it is not a legal entity, the *Huff* exception is readily satisfied here.[2]

---

[2] ETHENEA does not require an assignment to bring claims on behalf of Ethna-AKTIV (and the fund could not confer one given its legal incapacity).

7

Against this background, it is no surprise that courts routinely appoint Luxembourgian asset managers, including ETHENEA, as lead plaintiffs and class representatives in securities fraud actions brought under the PSLRA. *See, e.g.*, *Chow v. Archer-Daniels-Midland Co.*, Civ. No. 1:24-cv-00634, ECF No. 41 (N.D. Ill. Apr. 11, 2024) (appointing ETHENEA as lead plaintiff); *Corwin v. Seizinger*, 2008 WL 123846 (S.D.N.Y. Jan. 8, 2008) (appointing Luxembourgian asset manager as lead plaintiff); *Weston v. DocuSign, Inc.*, 348 F.R.D. 354, 367 (N.D. Cal. 2024) ("I found, and find, that DIL [a Luxembourg asset management company] 'manages mutual and special funds formed under the laws of Luxembourg, and has the exclusive statutory right and obligation, pursuant to the laws of Luxembourg, to bring legal claims, in its own name, to recover losses incurred by the funds[,]' and that this was, and still is, enough to establish a 'sufficiently close relationship between DIL and the funds at issue' to satisfy standing requirements." (second alteration in original)); *Bricklayers of W. Penn. Pension Plan v. Hecla Min. Co.*, 2012 WL 2872787, at *5 (D. Idaho July 12, 2012) (appointing Luxembourgian asset manager (LRI) as lead plaintiff and noting it is an "investment management company responsible for an 'FCP' fund" and thus "it would seem that LRI is sufficiently typical to satisfy Rule 23"); *Joyce v. Amazon.com, Inc.*, No. 2:22-cv-00617, ECF No. 55 (W.D. Wash. July 22, 2022) (appointing Luxembourgian asset manager as lead plaintiff); *In re Barrick Gold Sec. Litig.*, 314 F.R.D. 91 (S.D.N.Y. 2016) (finding Luxembourgian asset manager adequate and typical and appointing it as a class representative, having previously appointed asset manager as lead plaintiff).

ETHENEA also has demonstrated its adequacy by selecting a highly qualified firm with significant experience and success prosecuting federal securities class actions to serve as Lead Counsel for the class. *See infra* Section II; *see also* Motley Rice LLC's Shareholder and Securities Fraud Resume, Narwold Decl., Ex. E.

8

Thus, ETHENEA satisfies the requirements of Rule 23 at this stage.

## II. The Court Should Approve ETHENEA's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, ETHENEA has selected Motley Rice as Lead Counsel for the proposed class. Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions, including in this District and Circuit, and maintains an office in the District. *See* Motley Rice LLC's Shareholder and Securities Fraud Resume, Narwold Decl., Ex. E. For example, Motley Rice served as sole lead and class counsel, on behalf of Luxembourgian and German lead plaintiffs and class representatives, in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP (S.D.N.Y.), in which it achieved a recovery of $140 million for the investor class. Likewise, Motley Rice served as co-lead counsel and co-class counsel in *Boston Retirement System v. Alexion Pharmaceuticals, Inc.*, Civ No. 3:16-cv-02127 (AWT) (D. Conn.), obtaining a $125 million recovery in 2023. Courts have recognized Motley Rice as adequate and qualified class counsel in securities class actions, including in *In re Twitter, Inc. Securities Litigation*, No. 16-cv-05314 (N.D. Cal.), in which the firm, as sole lead counsel and co-class counsel, reached an $809.5 million settlement agreement in favor of the investor class in 2021 on the eve of trial. *See also Leventhal v. Chegg Inc.*, 2022 WL 4099454, at *4 (N.D. Cal. Sept. 7, 2022) (finding that Motley Rice is "highly qualified and experienced in securities class litigation").

Accordingly, the Court should approve ETHENEA's selection of Motley Rice as Lead Counsel for the putative class.

## CONCLUSION

For the foregoing reasons, ETHENEA respectfully requests that the Court: (1) appoint ETHENEA as Lead Plaintiff for the putative class; and (2) approve ETHENEA's selection of Motley Rice to serve as Lead Counsel for the putative class.

DATED: September 22, 2025

Respectfully submitted,

**MOTLEY RICE LLC**

*/s/ William H. Narwold*
William H. Narwold
20 Church St., 17th Floor
Hartford, CT 06103
Telephone: (860) 882-1681
Facsimile: (860) 882-1682
bnarwold@motleyrice.com

and

Gregg S. Levin
Christopher F. Moriarty
Andrew P. Arnold
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
glevin@motleyrice.com
cmoriarty@motleyrice.com
aarnold@motleyrice.com

*Counsel for ETHENEA Independent Investors S.A.
and Proposed Lead Counsel for the Class*

## CERTIFICATE OF COMPLAINCE

The undersigned counsel certifies that this brief complies with the word count limit set forth in Local Civil Rule 7.1(c). According to the word count feature of the word-processing system used to prepare this brief, the document contains 2,965 words, excluding the parts of the document exempted by the rule.

*/s/ William H. Narwold*
William H. Narwold

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 22, 2025.

                                                                         */s/ William H. Narwold*
                                                                         William H. Narwold