UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
CITY OF HOLLYWOOD POLICE : Civil Action No. 1:25-cv-06094-JHR-VF
OFFICERS' RETIREMENT SYSTEM, :
Individually and on Behalf :
of All Others Similarly Situated, : **CLASS ACTION**
 :
          Plaintiff, :
 :
  v. :
 :
FISERV, INC., FRANK J. BISIGNANO, :
MICHAEL P. LYONS, ROBERT W. HAU, :
AND KENNETH F. BEST, :
 :
          Defendants. :
------------------------------------------------------- x

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION
OF ETHENEA INDEPENDENT INVESTORS S.A. FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL,
AND IN RESPONSE TO COMPETING MOTION**

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENT | 2 |
| | A. ETHENEA Is Entitled to Appointment as Lead Plaintiff | 2 |
| |     1. ETHENEA Has the Largest Financial Interest in the Relief Sought | 2 |
| |     2. ETHENEA Readily Satisfies the Requirements of Rule 23 | 5 |
| | B. ETHENEA's Selection of Lead Counsel Should Be Approved | 6 |
| | C. The Competing Motion Should Be Denied | 7 |
| III. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**CASES**

*Coopersmith v. Lehman Bhd., Inc.*,
  344 F. Supp. 2d 783 (D. Mass. 2004) ................................................................................ 5

*Fields v. Biomatrix, Inc.*,
  198 F.R.D. 451 (D.N.J. 2000) ........................................................................................... 6

*Grad v. Ironnet, Inc.*,
  2022 WL 2789899 (E.D. Va. July 15, 2022) .................................................................... 7

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................................ 2

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  288 F.R.D. 26 (S.D.N.Y. 2012) ........................................................................................ 7

*In re KIT Digital, Inc. Sec. Litig.*,
  293 F.R.D. 441 (S.D.N.Y. 2013) .............................................................................. 2, 6, 7

*In re Olsten Corp. Securities Litigation*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................. 2, 3

*In re Orion Sec. Litig.*,
  2008 2811358 (S.D.N.Y. July 8, 2008) ............................................................................ 3

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................................ 3

*Lax v. First Merchants Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................................. 2, 3

*Lucas v. United States Oil Fund, LP*,
  2020 WL 5549719 (S.D.N.Y. Sept. 16, 2020) .................................................................. 3

*Shenwick v. Twitter, Inc.*,
  2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ................................................................ 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008) .............................................................................. 3

*Vladimir v. Bioenvision, Inc.*,
  2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) .................................................................. 7

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*,
  2006 WL 197036 (S.D.N.Y. Jan. 25, 2006) ..................................................................... 3

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ........................................................................................... 2, 5, 6, 7

**OTHER AUTHORITIES**

1995 U.S.C.C.A.N. 679 ............................................................................................................ 6

# TABLE OF AUTHORITIES

**R**ULES

Fed. R. Civ. P. 23(a)(3) ................................................................................................... 5

ETHENEA Independent Investors S.A. ("ETHENEA") respectfully submits this memorandum of law in further support of its motion, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, for appointment as Lead Plaintiff and approval of its selection of Motley Rice to serve as Lead Counsel for the class, and in opposition to the remaining competing motion.[1]

## I. INTRODUCTION

Four motions were filed by investors seeking appointment as lead plaintiff in this securities class action against Fiserv, Inc. ("Fiserv" or the "Company") and certain of its officers. Aside from ETHENEA's motion (ECF No. 29), three other motions were filed, by: (i) Yoko Momoyama ("Momoyama") (ECF No. 19); (ii) Danish Qureshi ("Qureshi") (ECF No. 21); and (iii) City of Hollywood Police Officers' Retirement System and City Pension Fund for Firefighters and Police Officers in the City of Miami Beach (the "Pension Funds") (ECF No. 24). On September 25, 2025, Qureshi withdrew his motion (ECF No. 34), and on October 3, 2025, Momoyama withdrew her motion (ECF No. 38), both on the basis they do not appear to have the largest financial interest of the competing movants. ETHENEA's and the Pension Fund's motions remain.

ETHENEA possesses by far the greatest financial interest in the relief sought by the class, having a loss that is not only substantially larger than any other movant, but one that exceeds the losses of *all other movants combined*. ETHENEA, a sophisticated institutional investor with experience serving as a lead plaintiff in a securities class action under the PSLRA, has also made a prima facie showing that it satisfies the typicality and adequacy requirements of Rule 23. Therefore, pursuant to the PSLRA, ETHENEA is the presumptively most adequate plaintiff, and

---

[1] All capitalized terms are defined in ETHENEA's opening brief (ECF No. 30) unless otherwise indicated. All citations are omitted and emphasis added unless noted.

should be appointed to serve as Lead Plaintiff. ETHENEA's chosen counsel, Motley Rice, should be appointed as Lead Counsel for the putative class.

## II.   ARGUMENT

### A.   ETHENEA Is Entitled to Appointment as Lead Plaintiff

The PSLRA directs the Court to appoint as lead plaintiff "the 'most adequate plaintiff,'" that is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The movant that timely demonstrates it has "the largest financial interest in the relief sought by the class" and "satisfies the requirements of Rule 23" is entitled to a presumption that it is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 444 (S.D.N.Y. 2013) (same). ETHENEA has the largest financial interest in the litigation and satisfies the typicality and adequacy requirements of Rule 23, and therefore is entitled to a presumption that it is the most adequate plaintiff.

#### 1.   ETHENEA Has the Largest Financial Interest in the Relief Sought

The touchstone of the lead plaintiff appointment process is the determination of which lead plaintiff applicant has the "largest financial interest" in the relief sought by the class. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). "Though the PSLRA offers no guidance as to how to measure which proposed plaintiff has the 'largest financial interest,' courts in this District overwhelmingly rely on the factors derived from *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), and *In re Olsten Corp. Securities Litigation*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), to evaluate which prospective lead plaintiff has the greatest financial interest." *In re KIT Digital*, 293 F.R.D. at 445. The *Lax/Olsten* factors include:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Id.* (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)). "Financial loss, the last factor, is the most important element of the test." *Id.*; *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (same); *In re Orion Sec. Litig.*, 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) (noting that the majority of courts "place the most emphasis on the last of the four factors: the approximate loss suffered by the movant").

Courts regularly find loss to be particularly compelling over other financial interest metrics in cases when, as here, one movant has a loss substantially larger than the next-largest asserted loss. *See, e.g.*, *Lucas v. United States Oil Fund, LP*, 2020 WL 5549719, at *3 (S.D.N.Y. Sept. 16, 2020) (appointing movant that incurred a loss more than double that of the competing movant); *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) (appointing movant that incurred a loss that was the largest by a large margin).

The table below shows the four *Lax/Olsten* factors for each of the movants and demonstrates that ETHENEA's financial interest in this case greatly exceeds that of the other movants in terms of each of the four factors: (1) shares purchased, (2) net shares purchased, (3) net funds expended, and, most importantly, (4) claimed loss:

| Movant | (1) Shares Purchased | (2) Net Shares Purchased | (3) Net Funds Expended | (4) Claimed Loss |
|---|---|---|---|---|
| **ETHENEA** | **171,000** | **81,000** | **$9,000,311** | **$5,952,777** |
| City Pension Fund for Firefighters and Police Officers in the City of Miami Beach | 18,353 | 17,676 | $3,639,756 | $1,230,362 |
| Qureshi (motion withdrawn) | ~~12,700~~ | ~~11,700~~ | ~~$2,087,057~~ | ~~$492,244~~ |

| City of Hollywood Police Officers' Retirement System | 7,811 | 5,670 | $1,095,930 | $436,041 |
| Momoyama (motion withdrawn) | ~~3,900~~ | ~~2,900~~ | ~~$623,921~~ | ~~$225,312~~ |

As set forth above, ETHENEA claims a loss of $5,952,777. *See* ECF No. 31-2. Thus, ETHENEA's loss is not only nearly *five times more* than the movant with the second largest loss and *three times* the loss claimed by the Pension Funds together, it exceeds all other movants' losses combined. ETHENEA's 81,000 net shares purchased during the Class Period exceed those of the Pension Funds (23,346) by three-and-a-half times. *See* ECF No. 31-2. And ETHENEA expended a net amount of more than $9 million on its purchases of Fiserv securities, nearly twice as much as was expended collectively by the Pension Funds. Thus, according to the prevailing precedent on this issue, there can be no dispute that ETHENEA suffered the largest loss in connection with its Class Period transactions in Fiserv common stock, and thus possesses the largest financial interest in this litigation, as illustrated below:



Because ETHENEA suffered a larger loss, purchased more shares, purchased more net shares, and expended more net funds than any other movant, ETHENEA clearly possesses the "largest financial interest in the relief sought by the class" and, pursuant to the PSLRA, must be appointed lead plaintiff if ETHENEA also makes a preliminary showing that it satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).[2]

### 2. ETHENEA Readily Satisfies the Requirements of Rule 23

ETHENEA's opening motion papers, PSLRA certification, and experience as a court-appointed lead plaintiff in a pending securities fraud action captioned *Chow v. Archer-Daniels-Midland Co.*, Civ. No. 1:24-cv-00634 (N.D. Ill.) demonstrate that it satisfies Rule 23's typicality and adequacy requirements. *See* ECF Nos. 30, 31-1. Typicality exists when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). ETHENEA showed that it satisfies Rule 23's typicality requirement because, like other class members, it suffered financial harm as a result of Defendants' allegedly false and misleading statements and omissions in violation of the Securities Exchange Act of 1934, and, like other class members, it seeks to recover its resulting monetary losses. *See* ECF No. 30 at 4-5.

ETHENEA also demonstrated that it satisfies Rule 23's adequacy requirement, including by selecting counsel with the requisite skills, experience, and competence necessary to prosecute this action vigorously and efficiently, and by committing to act in the best interests of the class.

---

[2] That one of the competing movants filed the complaint is of no moment, because "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that – (aa) has either filed the complaint *or* made a motion in response to a notice under subparagraph 1(A)(i)" and who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I); *see also Coopersmith v. Lehman Bhd., Inc.*, 344 F. Supp. 2d 783, 790 (D. Mass. 2004) ("those presumed most adequate to serve as lead plaintiffs include either those who have filed a complaint *or* those who made a motion for appointment within the 60 day period." (emphasis in original)).

*See* ECF No. 30 at 5-9; *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 457 (D.N.J. 2000) ("The adequacy of representation is generally tested against two factors: (1) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (2) the plaintiff must not have interests antagonistic to those of the class.").

Moreover, as a large, sophisticated institutional investor that manages billions of euros in assets and that has experience overseeing counsel in securities class action litigation, ETHENEA is the prototypical investor Congress sought to encourage to lead securities class actions.[3] *See In re KIT Digital*, 293 F.R.D. at 446 (noting "the statutory preference for institutional lead plaintiffs"); *see also* S.Rep. No. 104–98, at 11 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690, 1995 WL 372783 (noting Committee's belief that "increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts" and that "an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors"). As previously explained, ETHENEA has the exclusive authority to sue on behalf of Ethna-AKTIV. *See* ECF No. 30 at 7.

Thus, because ETHENEA "has the largest financial interest in the relief sought by the class; and . . . otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," ETHENEA is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### B.     ETHENEA's Selection of Lead Counsel Should Be Approved

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-

---

[3] As it noted in its opening brief (ECF No. 30 at 6), ETHENEA is based in Luxembourg, and acts as an asset management company that manages assets worth EUR 2.38 billion as of March 2025 (the equivalent of more than $2.8 billion).

4(a)(3)(B)(v). "The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *In re KIT Digital*, 293 F.R.D. at 448. The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Motley Rice—ETHENEA's chosen counsel—has successfully litigated numerous other securities matters under the PSLRA as Lead Counsel resulting in substantial recoveries for investors. *See* Motley Rice LLC's Shareholder and Securities Fraud Resume, ECF No. 31-5; *see also Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) (finding that "Motley Rice has experience with securities class action cases, and has served as lead counsel in other similar cases in this district" and concluding that Motley Rice "will provide effective representation to the class"). Thus, ETHENEA's selection of Lead Counsel should be approved.

## C. The Competing Motion Should Be Denied

As demonstrated above, the Pension Funds—whether considered individually or as a group—have much smaller financial interests in the relief sought in this litigation than does ETHENEA. "Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." *Vladimir v. Bioenvision, Inc.*, 2007 WL 4526532, at *6 (S.D.N.Y. Dec. 21, 2007). The statutory presumption in favor of appointing the plaintiff with the largest financial interest may be rebutted "only upon ***proof***" that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (finding that "exacting proof [is] needed to rebut the PSLRA's presumption"); *Grad v. Ironnet, Inc.*, 2022 WL 2789899, at *6 (E.D. Va. July 15, 2022) ("Without such hard

7

'proof' required by the PSLRA, this Court will not discount the high burden of proof that challengers must overcome to successfully rebut the lead plaintiff presumption."). No such proof has been—nor could be—offered against ETHENEA. Indeed, neither Momoyama nor Qureshi— both of whom are represented by experienced securities litigation counsel—raise any objection to ETHENEA's motion. Accordingly, ETHENEA's motion for appointment as Lead Plaintiff should be granted and the Pension Funds' competing motion should be denied.

## III. CONCLUSION

For the foregoing reasons, ETHENEA's motion for appointment as Lead Plaintiff and for approval of its selection of Lead Counsel should be granted, and any competing motion should be denied.

DATED: October 6, 2025

Respectfully submitted,

**MOTLEY RICE LLC**

*/s/ William H. Narwold*
William H. Narwold
20 Church St., 17th Floor
Hartford, CT 06103
Telephone: (860) 882-1681
Facsimile: (860) 882-1682
bnarwold@motleyrice.com

and

Gregg S. Levin
Christopher F. Moriarty (admitted *pro hac vice*)
Andrew P. Arnold
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
glevin@motleyrice.com
cmoriarty@motleyrice.com
aarnold@motleyrice.com

*Counsel for ETHENEA Independent Investors S.A.
and Proposed Lead Counsel for the Class*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief complies with the word count limit set forth in Local Civil Rule 7.1(c). According to the word count feature of the word-processing system used to prepare this brief, the document contains 2,507 words, excluding the parts of the document exempted by the rule.

*/s/ William H. Narwold*
William H. Narwold

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 6, 2025.

*/s/ William H. Narwold*
William H. Narwold