# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>FISERV, INC., FRANK J. BISIGNANO, MICHAEL P. LYONS, ROBERT W. HAU, and KENNETH F. BEST,<br><br>      Defendants. | No. 1:25-cv-06094-JR-VF<br><br>Judge Jennifer Rearden<br><br>CLASS ACTION<br><br>ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................ 1

I.  ETHENEA IS ATYPICAL OF THE CLASS AND INADEQUATE TO SERVE
    AS LEAD PLAINTIFF ....................................................................................... 1

    A.  ETHENEA's Trading Subjects it to a Fatal Unique Defense ................................ 2

    B.  ETHENEA Cannot Cure This Unique Defense By Adding Additional
        Plaintiffs ................................................................................................... 4

II. THE PENSION FUNDS' ADEQUACY AND TYPICALITY ARE
    UNREBUTTED ................................................................................................. 7

CONCLUSION ............................................................................................................. 7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bhangal v. Hawaiian Elec. Indus., Inc.*,
    2023 WL 8482871 (N.D. Cal. Dec. 7, 2023) ............................................................3

*China Agritech v. Michael H. Resh*,
    584 U.S. 732 (2018) ...........................................................................................3, 4

*Christiansen v. Spectrum Pharmaceuticals., Inc.*,
    2025 WL 2234041 (S.D.N.Y. Aug. 4, 2025) .......................................................5, 6

*Erickson v. Snap, Inc.*,
    2017 WL 11592635 (C.D. Cal. Sept. 18, 2017) ........................................................2

*Faris v. Longtop Fin. Techs. Ltd.*,
    2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) .............................................................2

*Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*,
    862 F. Supp. 2d 322 (S.D.N.Y. 2012) ....................................................................6

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    903 F.2d 176 (2d Cir. 1990) ..................................................................................2

*In re Hebron Tech. Co., Ltd. Sec. Litig.*,
    2020 WL 5548856 (S.D.N.Y. Sept. 16, 2020) .........................................................3

*In re IMAX Sec. Litig.*,
    272 F.R.D. 138 (S.D.N.Y. 2010) ...........................................................................3

*Lundy v. Ideanomics, Inc.*,
    2020 WL 7389027 (S.D.N.Y. Dec. 16, 2020) ......................................................2, 3

*In re Neopharm, Inc. Sec. Litig.*,
    2004 WL 742084 (N.D. Ill. Apr. 7, 2004) ...............................................................5

*In re Nutanix, Inc. Securities Litigation*,
    2021 WL 783579 (N.D. Cal. Mar. 1, 2021) .............................................................6

*In re Snap Inc. Sec. Litig.*,
    394 F. Supp. 3d 1156 (C.D. Cal. 2019) ...................................................................5

*In re Turquoise Hill Res. Ltd. Sec. Litig.*,
    2022 WL 17884165 (S.D.N.Y. Dec. 23, 2022) ........................................................6

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................................4, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..........................................................................................4

Proposed Lead Plaintiff the Pension Funds[1] respectfully submit this Reply Memorandum of Law in further support of their Motion for appointment as Lead Plaintiff and approval of selection of Labaton as Lead Counsel; and in opposition to all competing movants.[2]

## PRELIMINARY STATEMENT

All motions for Lead Plaintiff appointment were filed on September 22, 2025 (ECF Nos. 19, 21, 24, and 29), and all oppositions were filed October 6, 2025. ECF Nos. 39 and 40. Those filings leave no doubt that the Pension Funds should be appointed Lead Plaintiff.

ETHENEA, the only remaining competing movant, simply cannot be appointed Lead Plaintiff because its trading is atypical of the Class and it has failed to show it is an adequate Class representative. *See generally* ECF No. 39. Nothing in ETHENEA's opposition provides evidence to resolve these fatal issues. *See generally* ECF No. 40.

In contrast, neither ETHENEA nor any other movant has even challenged the Pension Funds' adequacy or typicality. *Id.* Thus, the Pension Funds are the only qualified movant with the greatest financial interest in the Action and they should be appointed as Lead Plaintiff.

## ARGUMENT

**I. ETHENEA IS ATYPICAL OF THE CLASS AND INADEQUATE TO SERVE AS LEAD PLAINTIFF**

ETHENEA cannot be appointed Lead Plaintiff because its financial interest in the Action rests entirely on its single purchase of Fiserv stock made after two substantial disclosures of

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from those in the Pension Fund's opening motion and supporting papers. *See* ECF Nos. 24-26. All citations and internal quotations are omitted, and all emphasis is added, unless noted.

[2] In addition to the Pension Funds, three other investors filed for Lead Plaintiff appointment on September 22, 2025. ECF Nos. 19, 21, and 29. Two of those investors have subsequently withdrawn their motions. *See* ECF Nos. 34, 38. Accordingly, only the Pension Funds and ETHENEA Independent Investors S.A. ("ETHENEA") continue to vie for appointment.

Defendants' fraud. ECF No. 31-2. Based on this trading, ETHENEA is subject to a unique defense, specifically that it made its investment "notwithstanding notice of defendants' misstatements and omissions," which undermines its "ability . . . to assert the fraud-on-the-market presumption of reliance." *Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011). This unique defense is uncurable and would subject the Class to significant risks and costs if ETHENEA were appointed. Therefore, its motion must be denied.

A.  **ETHENEA's Trading Subjects it to a Fatal Unique Defense**

ETHENEA's trading renders it atypical of the Class because it only started buying Fiserv securities ***after*** Defendants' fraud was largely disclosed. This trading pattern would undoubtedly expose the Class to "unique defenses which threaten[s] to become the focus of the litigation." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990). Specifically, Defendants will argue that ETHENEA "invested in [Fiserv stock] notwithstanding notice of [D]efendants' misstatements and omission," and therefore cannot "assert the fraud-on-the-market presumption of reliance, thereby rendering them inadequate class representatives." *Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8; *Erickson v. Snap, Inc.,* 2017 WL 11592635, at *3 (C.D. Cal. Sept. 18, 2017) ("'Without the benefit of the presumption of reliance, requiring proof of individualized reliance from each member of the proposed plaintiff class effectively would [prevent plaintiffs] from proceeding with a class action, since individual issues then would have overwhelmed the common ones . . . . Accordingly, post-disclosure purchases can defeat the typicality requirement for class certification when plaintiffs made a disproportionally large percentage of their purchases post-disclosure.").

While ***some*** purchases after a partial disclosure could be typical of the relevant Class of investors, courts frequently reject lead plaintiff movants which, like ETHENEA, made ***all*** their class period purchases ***after*** a significant disclosure of the relevant fraud. *See Lundy v. Ideanomics,*

*Inc.*, 2020 WL 7389027, at *3 (S.D.N.Y. Dec. 16, 2020) ("While post-disclosure purchases are not a per se bar to an appointment as lead plaintiff, [movant] may be subject to a unique defense because he purchased *all* his class period shares after [a] partial corrective disclosures but before the . . . final corrective disclosure.") (emphasis in original); *In re Hebron Tech. Co., Ltd. Sec. Litig.*, 2020 WL 5548856, at *6-7 (S.D.N.Y. Sept. 16, 2020) (declining to appoint a movant which "bought all his [relevant securities] . . . at almost precisely the same time that adverse news broke," because there was "a real risk that the idiosyncrasies of [movant's] purchases would become . . . a distraction at trial, were [movant] appointed lead plaintiff, with his trading serving as a proxy for the class"); *Bhangal v. Hawaiian Elec. Indus., Inc.*, 2023 WL 8482871, at *3 (N.D. Cal. Dec. 7, 2023) (finding a movant atypical because he "allege[d] his purchases occurred," after a partial disclosure of defendants' fraud). ETHENEA suffers from the same trading defect in this case.

ETHENEA's atypical trades pose material risk to the claims because "even ultimately unsuccessful unique defenses may divert attention from the substance of the basic claim, and class members are entitled to be represented by someone unhindered by such distractions." *In re Hebron Tech. Co., Ltd. Sec. Litig.*, 2020 WL 5548856, at *7. Moreover, if ETHENEA is determined to be inadequate to represent the Class, or the Class Period is altered so as to exclude ETHENEA's trading, the Court would be forced to either dismiss the case or substantially delay the proceeding by reopening the Lead Plaintiff appointment process. *See, e.g. In re IMAX Sec. Litig.*, 272 F.R.D. 138, 155, 160 (S.D.N.Y. 2010) (denying class certification and reopening the lead plaintiff selection process where the previously appointed lead plaintiff was "at a minimum . . . subject to unique defenses*"); China Agritech v. Michael H. Resh*, 584 U.S. 732, 735–36 (2018) ("Upon denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the

3

time allowed by the applicable statute of limitations? Our answer is no."). Simply put, there is no reason to subject the Class to the substantial risk posed by ETHENEA's atypical trading pattern in this case. The Pension Funds, highly experienced lead plaintiffs, are subject to no such unique defense and should be appointed Lead Plaintiff.

**B.     ETHENEA Cannot Cure This Unique Defense By Adding Additional Plaintiffs**

ETHENEA may claim it can cure its unique defense by adding an additional plaintiff at a later stage of this litigation and arguing that, even if ETHENEA is later determined to be an inadequate or atypical lead plaintiff, the additional plaintiff could continue to represent the Class' interests. Any such suggestion should be treated as what it is—a blatant attempt to sidestep the PSLRA's appointment process.

ETHENEA cannot cure its deficiency by adding an additional plaintiff because ETHENEA's typicality is determined by its own trading. The PSLRA requires courts to appoint the timely lead plaintiff movant with the largest financial interest that also satisfies Rule 23's adequacy and typicality requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As both the Pension Funds' and ETHENEA's initial motions acknowledged, the deadline to move for lead plaintiff appointment in the Action was September 22, 2025. *See* ECF No. 25 at 6 and ECF No. 30 at 4. Since that date, two of the four initial movants have withdrawn their motions. ECF Nos. 34 and 38. Therefore, the Court can ***only*** consider the financial interest, typicality, and adequacy of the two remaining timely movants: ETHENEA and the Pension Funds. Taking into consideration the trading of a hypothetical additional plaintiff ETHENEA could name in the future is clearly outside the bounds of the PSLRA's appointment process. Therefore, ETHENEA's motion must live or die ***solely*** based on its own trading.

Even if it were appointed Lead Plaintiff, ETHENEA and its counsel would not be empowered to select a successor that would take on the role of lead plaintiff if ETHENEA were disqualified later in the litigation. Courts have consistently held that allowing a lead plaintiff to choose its own successor runs contrary to the purpose and procedure of the PSLRA. *See In re Snap Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1158 (C.D. Cal. 2019) ("Lead Plaintiff's (or Lead Counsel's) selection of a successor Lead Plaintiff without court input is contrary to the PSLRA; indeed, one of the goals of the PSLRA was to minimize lawyer driven lawsuits."). In this case, as described above and in prior submissions, there is a substantial risk that if ETHENEA were appointed Lead Plaintiff, it could later be found inadequate or the Class Period could be altered in such a way that it would be deprived of standing. ECF No. 39 at 12-14. In either case, the Class would suddenly be left with no representative. The Court would have no choice but to dismiss the claims or to reopen the Lead Plaintiff appointment process, adding substantial cost and delay to the litigation. *See In re Neopharm, Inc. Sec. Litig.*, 2004 WL 742084, at *3 (N.D. Ill. Apr. 7, 2004) (reopening the lead plaintiff appointment process and "acknowledg[ing] the delay that this ruling will necessarily entail for the class members").

The court in *Christiansen v. Spectrum Pharmaceuticals., Inc.*, faced just such a situation when the court appointed lead plaintiff was later found to be inadequate and removed from the case. 2025 WL 2234041, at *3 (S.D.N.Y. Aug. 4, 2025). The lead plaintiff's counsel argued the court could simply appoint a substitute lead plaintiff proposed by that counsel. *Id.* at *4. The court flatly rejected this proposal, finding it was inappropriate to "simply assume that lead counsel's choice of substitute lead plaintiff is the most adequate plaintiff." *Id.* Instead, the court reopened "the lead plaintiff appointment process for any investor or group of investors who wishes to be named as lead plaintiff to represent the putative class." *Id.* The court reasoned that "[o]ne of the

principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation . . . . That purpose would be undermined if the Court were to allow [counsel] unilaterally to insert [substitute lead plaintiff], a non-party, as lead plaintiff in this case without judicial inquiry and without allowing other potential lead plaintiffs the opportunity to throw their hats in the ring." *Id.* Here, allowing ETHENEA and its counsel to put forward a potential substitute lead plaintiff would contravene the PSLRA's purpose. *See also Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 326 (S.D.N.Y. 2012) (holding that a court should not "simply assume[] that [lead counsel's] choice of [substitute] lead plaintiff is the most adequate plaintiff").

In another similar circumstance, the court in *In re Nutanix, Inc. Securities Litigation*, was faced with a lead plaintiff that asked to withdraw from the role and substitute his preferred choice as the new lead plaintiff. 2021 WL 783579, at *1 (N.D. Cal. Mar. 1, 2021). The court rejected the substitution request, agreeing that "it is the court's role to appoint a substitute lead plaintiff, not [lead plaintiff] or his counsel's." *Id.* at *2. Instead, the court reopened the lead plaintiff application process. *Id.* Here, if the risk posed by ETHENEA's trading materializes and it can no longer serve as Lead Plaintiff, this Court and this Class will be in the same situation—either the Lead Plaintiff appointment process will be reopened or the case will be dismissed. *See also In re Turquoise Hill Res. Ltd. Sec. Litig.*, 2022 WL 17884165, at *9 (S.D.N.Y. Dec. 23, 2022) (refusing to appoint an additional lead plaintiff and finding that "in the event that [lead plaintiff] is found not adequate under Rule 23, the most appropriate procedure would be to allow other putative class members . . . to move for appointment as lead plaintiff"). Either way, the Class will have been subjected to wholly unnecessary risks and costs where, as here, appointing the Pension Funds would pose no such problems.

## II. THE PENSION FUNDS' ADEQUACY AND TYPICALITY ARE UNREBUTTED

In contrast to ETHENEA, the Pension Funds' typically and adequacy are completely unchallenged by the competing movants. *See* ECF No. 40. Therefore, the Pension Funds are the unrebutted most adequate plaintiff.

## <u>CONCLUSION</u>

For the reasons discussed above and in prior briefs, the Pension Funds respectfully request that the Court grant its Motion and deny the competing motion.

DATED: October 14, 2025

Respectfully submitted,

*/s/ Francis P. McConville*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville
Connor C. Boehme
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner
Stuart A. Kaufman
7080 NW 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for Proposed Lead Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff Movant the Pension Funds certifies that this Memorandum of Law in support of the Pension Funds Motion contains 2,062 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

Dated: October 14, 2025

*s/ Francis P. McConville*
Francis P. McConville

**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com